UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JAMES ADRIAN PEERY, and ) | Case No. 05-20553-659 |
| REBECCA JEAN PEERY, ) | Chapter 7 |
| ) | |
| Debtors. ) | **PUBLISHED** |

## O R D E R

   The matter before the Court is Trustee's Objection to Debtors' Second Amended Schedule C-Property Claimed as Exempt, Debtors' Response to Trustee's Objection to Debtors' Schedule C-Property Claimed as Exempt, Joint Stipulation of Facts and Conclusions of Law (hereinafter "Joint Stipulation"), Trustee's Memorandum of Law in Support of his Objection to Debtors' Claim of Exemption in Annuity, and Memorandum of Law in Response to Trustee's Objection to Debtors' Claim of Exemption in Annuity.  Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

   On August 11, 2005, James and Rebecca Peery (hereinafter "Debtors") filed a Voluntary Chapter 7 Petition.  Fred Cruse (hereinafter "Trustee") was appointed Chapter 7 Trustee of Debtors' bankruptcy estate.  Debtors' Meeting of Creditors was held on September 9, 2005 at which time, Trustee requested an amended Schedule B and Schedule C to list the value of the jewelry in Debtors' possession.

   On September 13, 2005, Debtors' filed an Amended Schedule B and First Amended Schedule C, listing the value of the jewelry.  Trustee did not request any additional information. Joint Stipulation ¶ 10.  On October 14, 2005, the Trustee concluded the Meeting of Creditors.

   Debtor Rebecca Peery (hereinafter " Rebecca") is the beneficiary of Annuity Policy No. S005645-2 from American Family Life Insurance Company (hereinafter the "Annuity") that she purchased on or about February 1, 1999.  Debtors' original Schedule C listed the Annuity as

exempt pursuant to §513.430.1(10)(f) of the Revised Statutes of the State of Missouri. Rebecca asserts that the value of the Annuity was unknown to her at the time she filed her original Schedule C. Joint Stipulation ¶ 13.

The Annuity was not purchased with money or assets received by Rebecca since 1998 from a profit-sharing plan or retirement plan qualified under §§401(a), 403(a), 403(b), 408, 408(a), or 409 of the Internal Revenue Code. Joint Stipulation ¶ 19. Trustee was aware of the existence of the Annuity from the commencement of the case. Joint Stipulation ¶ 18. On December 22, 2005, upon Trustee's request, Debtors provided Trustee with additional documents regarding the Annuity. Joint Stipulation ¶ 14.

On or about February 24, 2006, Trustee instructed Debtors by letter and telephone to amend their Schedule C to reflect the value of the Annuity that was supplied to Trustee by a Certified Public Accountant (hereinafter "CPA"). Joint Stipulation ¶ 15. On February 27, 2006, Debtors complied with Trustee's instruction by filing their Second Amended Schedule C, to reflect the value of the Annuity. Joint Stipulation ¶ 15. Debtors claimed an annuity value of $94,742.82, exempt pursuant to §513.430.1(10)(f). Joint Stipulation ¶ 16. On March 20, 2006, Trustee filed his objection to Debtors' Second Amended Schedule C. Joint Stipulation ¶ 17.

On March 30, 2006, Debtors filed their response to Trustee's Objection. The matter was originally set for hearing on May 25, 2006 and was continued several times while the parties attempted to settle the matter. On August 1, 2007, Trustee filed Joint Stipulation and Memorandum of Law in Support of Trustee's Objection to Debtors' Claim of Exemption in Annuity. On August 17, 2007, Debtors filed a Memorandum of Law in Response to Trustee's Objection to Debtors' Claim of Exemption in Annuity. On August 23, 2007, the parties had oral argument and then the matter was taken under submission by the Court.

Rebecca was 48 years old when she applied for the Annuity. She is currently 57 years old. Rebecca suffers from Sphincter of Oddi Dysfunction (SOD), Mitral Valve Prolapse (MVP) and

depression, which Rebecca asserts preclude her from maintaining full-time employment.

When Rebecca purchased the Annuity, she was working approximately twelve hours a week. When Debtors filed for bankruptcy, Rebecca was unemployed. Rebecca asserts that the Annuity is her only significant source of income.

Trustee argues that Debtors are not entitled to the exemption claimed in the Annuity because it is not an Individual Retirement Account. Trustee further argues that his objection to the Annuity exemption was timely made because Trustee objected within 21 days of Debtors' amendment to their schedules, reflecting the value of the Annuity. Trustee argues alternatively, that if the Annuity exemption is valid, Debtors claimed exemption is excessive.

Debtors argue that Trustee's objection was not timely because Trustee objected more than four months after the conclusion of the Meeting of Creditors. Debtors contend that Trustee objected after requiring Debtors to amend their schedules to include valuation of the Annuity. Debtors further argue that Trustee cannot use their amendment of schedules to extend the time to object to an exemption. Debtors' final assertion is that Trustee should have diligently investigated scheduled items at the beginning of Debtors' case.

## **JURISDICTION AND VENUE**

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2005) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B) (2005). Venue is proper in this District under 28 U.S.C. §1409(a) (2005).

3

**CONCLUSIONS OF LAW**

The first issue is whether Debtors are entitled to exempt the Annuity. Pursuant to Missouri Revised Statute §513.430.1(10)(f), property shall be exempt from attachment and execution to the extent of any person's right to receive any money or assets, payable to a participant or beneficiary from a retirement plan or profit sharing plan that is qualified under §§401(a), 403(a), 403(b), 408, 408(a) or 409 of the Internal Revenue Code of 1986. Rebecca, is the beneficiary of the Annuity which she purchased in February of 1999.

Here, the Annuity cannot be considered a retirement plan or a profit-sharing plan because by Rebecca's own admission, Rebecca did not purchase the Annuity with money or assets from a retirement plan or a profit-sharing plan. *See* Joint Stipulation. Therefore, the Annuity is not exempt under §513.430.1(10)(f).

The next issue is whether Trustee's Objection was timely. A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under Section 341(a) is concluded or within 30 days after amendment to the list or supplemental schedules is filed, whichever is later. FED. R. BANKR. P. 4003(b)(1) (2005). Here, Debtors argue that Trustee's Objection was not timely, and thus, should be overruled because it was made more than four months after the Meeting of Creditors was concluded.

Debtors listed the Annuity as "exempt" on their original Schedule C and stated on the schedule that the value of the Annuity was "unknown". Here, the Meeting of Creditors was held on September 9, 2005 and continued to October 14, 2005 at which time Trustee concluded the meeting. Trustee did not object at this time.

Debtors argue that Trustee lost his opportunity to object when he did not do so within 30 days after the conclusion of the Meeting of Creditors. Debtors cite *In re Shelby* for the proposition that failure of the trustee to object within thirty days as provided by Rule 4003(b) waives the right to contest the validity of the exemption. *In re Shelby*, 232 B.R. 746 (Bankr. W.D. Mo. 1999).

4

However, according to the Rule 4003, Trustee has an opportunity to object after an amendment of schedules.

Here, on March 20, 2006, Trustee filed his Objection to Amended Schedule C. The amended schedule was filed on February 27, 2006. Debtors argue that since Trustee did not object at his first opportunity, he has lost his opportunity to object altogether. Further, Debtors argue that since the Schedule C was amended at Trustee's request, Trustee is indirectly pursuing a course of action that he could not have pursued directly. The Debtors' argument is flawed in that Rule 4003 allows Trustee to object either 30 days after the conclusion of the Meeting of Creditors or 30 days after amendment to the schedules, whichever is later.

In this case, Trustee requested additional documentation regarding the Annuity. After receiving this information, Trustee was able to have a CPA ascertain the value of the Annuity. Once the value of the Annuity was "known", Trustee correctly requested Debtors to amend their schedules to reflect the value of the Annuity. While Debtors argue that Trustee should have diligently investigated scheduled items at the beginning of Debtors' case, Debtors bear a responsibility to accurately report the value of all items that they listed on their schedule for exemption.

*In re Wick* articulated that the closing of a bankruptcy case usually results in a technical abandonment to the debtor of all unadministered property under §554(c), but found that when a debtor gives trustee false or incomplete information about an asset, the abandonment is revocable. *In re Wick*, 276 F.3d 412 (8th Cir. 2002) (Debtor listed stock options on her schedules stating that the market value and exemption amount was unknown). In *Wick*, the Court found that debtor's use of "unknown" for the exemption amount on her schedule should not work in debtor's favor. *Id.* The present case is analogous to *Wick* in that Debtors also chose to list the value and exemption amount of the Annuity as unknown.

Similar to *Wick,* the listing of the value of the Annuity as unknown should not be construed

5

in favor of Debtors. Thus, the fact that Debtors listed the value of the Annuity as unknown should not allow Debtors to bring Trustee's diligence in investigating the asset into question. Trustee did in fact obtain the value of the Annuity from a CPA after receiving additional requested information from Debtors.

Here, it appears that Debtors did not claim the Annuity exemption in good faith. *In re Peterson*, held that debtors must show a good faith statutory basis for their claimed exemption when a trustee files an untimely objection. *In re Peterson,* 920 F.2d 1389 (8th Cir. 1990). Debtors admit both that the Annuity is not an IRA and not exempt. *See* Memorandum of Law in Response to Trustee's Objection to Debtors' Claim of Exemption in Annuity.

Therefore, even if Trustee's objection could be considered untimely, this Court sees no reason to allow Debtors to benefit. *Peterson* states that without a showing of good faith, debtors cannot overcome even an untimely objection by the trustee. *Peterson* further discussed the fact that the bright-line rule of providing only a 30-day window for trustees to object to an exemption should not be applied so as to provide debtors with an undeserved windfall. *Id.* Here, that would be the case.

Thus, this Court finds that Trustee's Objection was timely filed. The Court also finds that Trustee's Objections is well-founded in that the claim exemption is not valid. Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Debtors' Second Amended Schedule C - Property Claimed as Exempt is SUSTAINED.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 27, 2008
St. Louis, Missouri

6

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

James R. Inghram
Inghram and Inghram
Bank of America Bldg.
529 Hampshire St., Ste. 409
Quincy, IL 62301

Edward J. Karfeld
611 Olive St., Ste. 1640
St. Louis, MO 63101

James and Rebecca Peery
79 Meadows
Hannibal, MO 63401

Fredrich J. Cruse
The Cruse Law Firm PC
PO Box 914
Hannibal, MO 63401